FILED
November 10, 2020
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____
                        DEPUTY                   JU

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PM EMUCH,<br>A# 203 802 870,<br><br>                **Petitioner,**<br><br>v.<br><br>ANDREW HURON,<br>Officer–In–Charge, South Texas ICE<br>Processing Center; DANIEL BIBLE, Field<br>Operations Director, United States<br>Immigration and Customs Enforcement,<br>Office of Detention and Removal<br>Operations, Department of Homeland<br>Security; MATTHEW T. ALBENCE,<br>Acting Director, United States Immigration<br>and Customs Enforcement, Office of<br>Detention and Removal Operations;<br>DEREK N. BENNER, Acting Deputy<br>Director, United States Immigration and<br>Customs Enforcement, Department of<br>Homeland Security; CHAD WOLF, Acting<br>Secretary, United States Department of<br>Homeland Security; and RAY CASTRO,<br>Warden, South Texas ICE Processing<br>Center,<br><br>                **Respondents.** | § § § § § § § § § § § § § § § § § § § § § § § § § § § § | SA-20-CV-00940-OLG |

**ORDER OF DISMISSAL**

Before the Court is *pro se* Petitioner PM Emuch's ("Emuch") 28 U.S.C. § 2241 Petition for Writ of Habeas (ECF No. 1). When Emuch filed his Petition, he failed to either pay the filing fee or file an application to proceed *in forma pauperis*. ("IFP"). Accordingly, the Court ordered him to either pay the fee or file an IFP application. (ECF No. 3). In response, Emuch filed an IFP application. (ECF No. 5). Upon review, the Court determined Emuch was not indigent, denied his application to proceed IFP, and ordered him to pay the $5.00 filing fee. (ECF No. 6). In the Order, the Court advised Emuch that if he failed to pay the filing fee, his Complaint could be dismissed

for want of prosecution. (*Id.*). Emuch has not paid the filing fee or otherwise responded to this Court's Order. (*Id.*).

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a district court may *sua sponte* dismiss an action for failure to prosecute or for failure to comply with any court order. *Griggs v. S.G.E. Mgmt., LLC*, 905 F.3d 835, 844 (5th Cir. 2018); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *see* FED. R. CIV. P. 41(b). "This authority [under Rule 41(b) ] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 629 (1962)).

By failing to pay the required filing fee Emuch has failed to comply with this Court's September 16, 2020 Order. (ECF No. 6). He has, therefore, failed to diligently prosecute this case as required. Accordingly, this case should be dismissed for want of prosecution pursuant to Rule 41(b). *See* FED. R. CIV. P. 41(b).

**IT IS THEREFORE ORDERED** that Petitioner PM Emuch's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for want of prosecution.

**SIGNED** November  10 , 2020.

_____
**Orlando L. Garcia**
**Chief United States District Judge**